In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00343-CV**
_____

**IN THE INTEREST OF E.G.T.**

_____

**On Appeal from the County Court at Law**
**Orange County, Texas**
**Trial Cause No. C200637-D**
_____

**MEMORANDUM OPINION**

Following a trial to the bench, the trial court terminated Mother's and Father's parent-child relationship with seven-year-old E.G.T. The judgment states the trial court found, by clear and convincing evidence, that (1) Mother knowingly placed or allowed E.G.T. to remain in conditions that endangered her well-being, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct who endangered E.G.T.'s physical or emotional well-being, and (3) failed to comply with the provision of a court order establishing the actions necessary for Mother to obtain

1

the child's return.[1] The trial court also found that terminating Mother's parent-child relationship with E.G.T. is in the child's best interest.[2] As to Father, the trial court found that Father executed an irrevocable affidavit relinquishing his parental rights and that terminating his rights is in E.G.T.'s best interest.

After the trial court signed the order, Mother filed a notice to appeal but Father did not.

On appeal, Mother's court-appointed attorney filed a brief. The brief filed in Mother's appeal provides the Court with a professional evaluation of the record. According to the brief, no arguable grounds exist to support Mother's appeal.[3] Mother's attorney certified she sent Mother a copy of the brief, and upon receiving the brief, the Clerk of the Ninth Court of Appeals notified Mother she had the right to file a pro se response. Even so, the appellate record shows Mother did not respond.

We have independently reviewed the record. Based on that review, we find Mother's appeal is frivolous. Accordingly, we need not appoint another attorney to re-brief the appeal.[4]

---

[1] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O).
[2] *Id.* § 161.001(b)(2).
[3] *See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).
[4] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Based on the above, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 8, 2022
Opinion Delivered March 17, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

3